**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0378-15T3

MICHELE SPANO-TERLIZZI,

    Plaintiff-Respondent,

v.

LEE SPANO,

    Defendant-Appellant.

_____

Submitted February 9, 2017 — Decided May 30, 2017

Before Judges O'Connor and Whipple.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Gloucester
County, Docket No. FM-08-0812-13.

Matthew B. Lun, attorney for appellant.

Michele Spano-Terlizzi, respondent pro se
(Rebecca A. Berger, on the brief).

PER CURIAM

    Defendant Lee Spano (father) appeals from a provision in an

August 7, 2015 Family Part order obligating him to pay $391 per

week in child support to plaintiff Michele Spano-Terlizzi

(mother), the primary caretaker of the parties' two children. Following our review of the record and applicable legal principles, we remand for further proceedings.

I

The parties were married in 1999 and divorced in 2010. They have two children, presently ages twelve and sixteen. The mother has remarried, and she and her husband, Michael Terlizzi, have one child.

In accordance with the parties' marital settlement agreement, the father provided health insurance for their two children until December 2013, when he lost his job. At that job, the father received health insurance benefits for the children. Terlizzi then put the parties' two children on a health insurance plan (plan) he had obtained through his business. Although initially the addition of the two children on the plan did not increase the premium, on June 1, 2014, the premium soared to $507.44 per month.

In April 2015, the mother filed a motion seeking, among other things, that the father pay the cost to maintain the two children on the plan, as well as reimburse her for premiums on the children's behalf since June 1, 2014. She also sought an increase in child support.

2

The father filed a cross-motion requesting, in addition to other relief, the mother's motion be denied. In his certification, the father challenged whether the mother or, rather, Terlizzi on her behalf, actually incurred any out-of-pocket cost for maintaining the children on the plan. The father pointed out an exhibit the mother attached to her motion revealed Terlizzi's business, not Terlizzi, was paying the cost to provide health insurance for the parties' children. The father did not suggest Terlizzi or his business was responsible for paying for the children's insurance, but he did posit the expense of maintaining the children was likely deducted as a business expense, resulting in the elimination or reduction of the actual cost of the premium to Terlizzi and, in turn, to the mother.

In her certification in response to the father's cross-motion, the mother failed to provide any competent evidence to refute the father's contention. She merely attached a letter from the business's insurance agent, who proffered the opinion the employees of Terlizzi's business are "required to pay 100% for dependents." However, there was no evidence the insurance agent was qualified to render this opinion, or had personal knowledge of how the children's premiums were in fact being

3

paid.  Moreover, there was no evidence Terlizzi was considered an employee of his company.

On August 7, 2015, the court entered an order that directed the father to reimburse the mother for the premiums she paid for the children's health insurance beginning in June 2014, but denied her motion to compel the father to pay current premiums. The court did order the cost of the children's premiums, "after crediting [the mother] with the amount paid by her current spouse, . . . be made part of the child support guideline calculation."  The court also recalculated the father's child support obligation and increased it from $298 to $391 per week. In its calculation of child support, the court factored into the equation that the mother was paying $130 per week for both children's health insurance premiums.[1]

II

On appeal, the father contends the $391 per week in child support he was ordered to pay is erroneous because the court improperly assumed the mother was paying the full cost to provide health insurance for the parties' children.  We agree.

---

[1] The record does not disclose how the court found the cost to maintain the parties' children on the plan was $130 per week. It was not disputed the cost to pay for both children's health insurance increased to $524.04 per month by the return date of the motion, which made the weekly cost $121.86 and not $130 per week.

4

"The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998); see also Gnall v. Gnall, 222 N.J. 414, 428 (2015). "Because of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court fact[-]finding." Cesare, supra, 154 N.J. at 413. It is only "when the trial court's conclusions are so 'clearly mistaken' or 'wide of the mark'" that we "intervene and make [our] own findings to ensure that there is not a denial of justice." N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008) (quoting N.J. Div. of Youth & Family Servs. v. G.L., 191 N.J. 596, 605 (2007)). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Here, based upon evidence attached to the mother's certification, the father legitimately raised the question of whether Terlizzi's business was contributing toward the cost of the children's health insurance premiums and, if so, the extent to which the cost to the mother to maintain this plan for the children was reduced or even eliminated. The mother did not

5

effectively refute the father's contentions, leaving unanswered this material question of fact.

By our calculations, if the mother is not paying for any health insurance premiums, the father's child support obligation would be $316 per week, a savings of $322.50 per month for the father. Even if the mother were paying only half of the purported cost of $130 per week for the children's health insurance, the father's child support would be reduced to $362 per week, a savings to him of $124.70 per month.

Because the question of fact raised by the father's certification cannot be resolved on the basis of the parties' conflicting certifications, we are constrained to vacate the provision in the August 7, 2015 order that directed the father to pay $391 per week in child support, and remand this matter for further proceedings. On remand, the court shall determine the actual cost of the children's health insurance premiums and recompute child support.

Although, in general, a court must hold a plenary hearing when confronted with disputed material facts, see Milne v. Goldenberg, 428 N.J. Super. 184, 201 (App. Div. 2012), we recognize not every factual dispute requires a hearing. Harrington v. Harrington, 281 N.J. Super. 39, 47 (App. Div.), certif. denied, 142 N.J. 455 (1995). Here, discovery may

6

unearth evidence dispositive of this issue, rendering a fact-finding hearing unnecessary. The court shall exercise its discretion when determining what is required to resolve this dispute and, if necessary, conduct a plenary hearing if it perceives there are genuine issues of contested material fact warranting testimony and credibility findings.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Any party aggrieved by the outcome of the remand seeking appellate review must file a timely new appeal from that determination.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0378-15T3